IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K2 FINANCIAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| K2 ADVISORS LLC, ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

This is a declaratory judgment action brought pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. A jury trial is demanded on all counts.

### PARTIES

1.  Plaintiff K2 Financial, LLC ("Financial") is a Delaware limited liability company, with its principal place of business in Hockessin, Delaware.

2.  Defendant K2 Advisors LLC ("Advisors") is a Delaware limited liability company, with its principal place of business in Stamford, Connecticut.

### JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1211 in that this action arises under the trademark infringement and other provisions of the federal Trademark Act of 1946, at 15 U.S.C. § 1051 *et seq.* (the "Lanham Act").

4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Advisors is a Delaware limited liability company.

5. This Court has personal jurisdiction over Advisors because Advisors is a Delaware limited liability company and, upon information and belief, Advisors regularly conducts or solicits business in Delaware.

## FACTUAL ALLEGATIONS RELATED TO THE DISPUTE

**Plaintiff K2 Financial**

6. Plaintiff Financial is engaged primarily in the business of offering student loan consolidation services to individuals who have accumulated significant debt from student loans. Plaintiff Financial was incorporated in 2003 as a Delaware limited liability company, and began engaging in the student loan consolidation business in early 2004. Plaintiff Financial conducts business under the name "K2 Financial."

7. The target consumers for Financial's business are students, recent graduates and young professionals. This consumer group is primarily comprised of individuals in their twenties and early thirties, who have accumulated significant amounts of personal debt from student loans and have low credit ratings or limited credit history. To date, Financial has consolidated student loans for over 100,000 students and recent graduates.

8. Plaintiff Financial advertises and spreads information to its target customers about its services primarily through targeted marketing, including telemarketing and direct mail, and through its website, http://www.k2financial.com. Financial's website contains multiple photographs of young adults who represent Financial's target customers. The website emphasizes the company's commitment to "helping recent graduates and young professionals get on the road to a rewarding financial future."

9. Plaintiff Financial's website also sets forth information to assist potential customers in determining whether they could benefit from the services of Financial. For

example, the website poses various questions such as: "Do you currently have $10,000 or more in student loans?" and "Do you have more than one student loan to pay off?" The website includes a loan calculator for target customers to determine "how low" their monthly student loan payment could be.

10. In addition to the student loan consolidation product, Financial is preparing to introduce an additional loan product to the marketplace during the first quarter of 2007. That product will be a private educational loan product targeted to the same market as the existing loan-consolidation product. The private educational loan product will enable students, recent graduates and young professionals to borrow money when they do not qualify for initial or additional federal student loans, and to consolidate private loans. That loan product is in the final stages of development. In this respect, contracts with financial institutions and insurers are being finalized for the funding, securitization, and insurance of the private education loan product. The private educational loan product will be marketed under the marks K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS.

11. In June 2005, Financial filed with the United States Patent and Trademark Office two applications for trademark registration for (i) a standard-character mark for K2 FINANCIAL; and (ii) a design-plus-words mark consisting of K2 FINANCIAL incorporated into a mountain design. The applications were based on use in commerce, with October 2003 as the date of first use of these marks and March 2004 as the date of first use of the marks in commerce. Plaintiff Financial applied for both marks in connection with use for "student loan consolidation, consumer lending, mortgage lending; insurance brokerage and issuing credit cards; funds investment."

12. The Patent and Trademark Office published Financial's two marks for opposition on July 4, 2006. The period to oppose the marks has expired. No party opposed either mark.

13. On November 6, 2006, Financial filed a trademark application for registration of the standard-character mark K2 STUDENT LOAN SOLUTIONS, based on an intent to use the mark in connection with "financial services, namely, student loan consolidation, student loans and consumer lending." Financial's application for the mark K2 STUDENT LOAN SOLUTIONS has not yet been assigned to an examining attorney at the Patent and Trademark Office.

**Defendant K2 Advisors**

14. Upon information and belief, Defendant Advisors is a "hedge fund of funds manager," which is the business of running a hedge fund that invests in other hedge funds. Advisors was formed in July of 1997, as a Delaware limited liability corporation.

15. Upon information and belief, investments in hedge funds are not available to the general public, but are limited to accredited investors. Upon information and belief, Defendant Advisors' clients are entities and individuals that have an allocation in their portfolios for investments in hedge funds. This client group includes accredited, sophisticated investors, including institutional investors, pension funds, and family trusts.

16. Advisors also has a website, www.k2advisors.com, on which the company describes its commitment "to preserving and growing capital by producing absolute returns with reduced volatility and low correlation to the traditional equity and bond markets." The website further describes Advisors as being "regarded for providing sophisticated investors with individualized attention and customized programs."

17.     Upon information and belief, Defendant Advisors' primary forms of marketing are (i) presentations at industry conferences and seminars related to hedge-funds; (ii) coverage in hedge-fund trade publications; and (iii) personal or professional referrals.

18.     In 2001, Advisors obtained a U.S. trademark registration for the mark K2 ADVISORS. The mark was registered in connection with use for "investment advisory and management services" and "investment of funds for others."

**Real and Immediate Threat that Defendant Advisors will Institute Legal Action**

19.     Since Plaintiff Financial began engaging in the student loan consolidation business in early 2004, it has used the mark K2 FINANCIAL. Since that time no entity or individual – including Defendant Advisors – has objected to Financial's use of the term K2 FINANCIAL in connection with its business.

20.     On or around November 16, 2006, counsel to Financial received a cease and desist letter from counsel to Advisors. The letter demanded that Financial "[i]mmediately cease all use of the term K2 on any products or in connection with any services, and as a part of its trade name." The letter stated Advisors' position that it "considers [Financial's] use and registration of the K2 FINANCIAL and K2 STUDENT LOANS SOLUTIONS trademarks as infringements" of Advisors' rights and likely to cause "confusion and deception as to the source of origin and/or the sponsorship" of Financial's services.

21.     The letter also asked for an accounting from Financial for services rendered under the K2 FINANCIAL trademark, and demanded that K2 Financial immediately withdraw its trademark applications for K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS. Counsel for Defendant stated in the letter that these steps were "require[d]" in order "[t]o resolve this matter without litigation."

22.     By letter dated November 27, 2006, counsel to Financial responded that it was undertaking an investigation into the allegations set forth in the cease and desist letter.

23.     The investigation revealed that Financial is not infringing or otherwise violating the trademark or other rights of Advisors. The investigation further revealed that, based on the November 16, 2006 letter and Advisors' prior conduct, there is a real and immediate threat that Advisors will take legal action against Financial.

24.     Upon information and belief, Advisors has a history of using litigation to seek protection for its purported trademark rights. Upon information and belief, in 2000, Advisors filed suit against a private equity firm in the Federal District Court in Houston, based on alleged trademark infringement. Upon information and belief, in 2002, Advisors filed a separate suit for trademark infringement, unfair competition, and false designation of origin against a different entity in the Southern District of New York. Upon information and belief, Advisors has also sought to preclude foreign entities from using certain trademarks in the U.S.

## DECLARATORY JUDGMENT

25.     Financial incorporates by reference paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26.     This controversy is ripe for adjudication under 28 U.S.C. § 2201, because the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Defendant Advisors has created a real and reasonable apprehension of liability on the part of Plaintiff Financial, and Plaintiff Financial has engaged in a course of conduct which has brought it into adversarial conflict with Defendant Advisors, or has the

immediate intent and ability, and is meaningfully and adequately prepared, to engage in such conduct.

27. The use and/or immediate intended use of the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks by Financial in connection with loan and loan consolidation products does not give rise to any likelihood of confusion, mistake or deception or any actual confusion, mistake, or deception on the part of consumers of Advisors' products or services, and does not otherwise constitute infringement.

28. The use and/or immediate intended use of the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks by Financial in connection with loan and loan consolidation products does not dilute, either by blurring or tarnishment, the trademark or reputation of Advisors.

29. The use and/or immediate intended use of the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks by Financial in connection with loan and loan consolidation products does not constitute unfair competition, deceptive trade practices, or false designation of origin.

30. Plaintiff Financial is entitled to a declaration pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 that the use and/or immediate intended use of the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks in connection with loan and loan consolidation products does not and will not infringe, dilute, or tarnish any trademark held by Advisors or the reputation of Advisors, under the Lanham Act or under any other federal or state law. Financial is entitled to a further declaration that its use of the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS trademarks does not constitute unfair competition, deceptive trade practices, or false designation of origin under the Lanham Act or under any other federal or

state law with respect to any trademark held by Advisors, and that Financial is free to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks in connection with its student loan consolidation business and related businesses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. enter judgment according to the declaratory relief sought;

b. award Plaintiff its costs in this action;

c. award Plaintiff its reasonable attorneys' fees;

d. grant such other and further equitable and legal relief as the Court shall deem just and proper.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/*

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

Dated: December 12, 2006

*Attorneys for K2 Financial, LLC*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
K2 FINANCIAL, LLC

## DEFENDANTS
K2 ADVISORS LLC

(b) County Of Residence Of First Listed Plaintiff: New Castle
(Except In U.S. Plaintiff Cases)

County Of Residence Of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys (Firm Name, Address, And Telephone Number)
John W. Shaw, (#3362)
Elena C. Norman (#4780)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Wilmington, DE 19801
(302) 571-6600

Attorneys (If Known)
Mark B. Harrison, Esquire
Venable, LLP
575 7th Street, NW
Washington, DC 20004-1601

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An X In One Box For Plaintiff And One Box For Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in This State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## V. NATURE OF SUIT (Place An X In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 U.S.C. 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 U.S.C. 881 | ☐ 423 Withdrawal 28 U.S.C. 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates, etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL ROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 U.S.C. 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 U.S.C. 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.):
28 U.S.C. §2201 et seq.; Fed. R. Civ. P. 57

Brief description of cause:
Cause of action for declaratory judgment of noninfringement of trademark.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   ☐ YES ☐ NO   DEMAND $
Check YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)
JUDGE:   DOCKET NUMBER:

DATE 12/12/06   SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

DB02:5664047.1   062979.1004

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. __06-761__

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__DEC 1 2 2006__
(Date forms issued)

_____
(Signature of Party or their Representative)

__Brian Crosson__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action