IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| K2 FINANCIAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 06-761 (GMS) |
| | ) | |
| K2 ADVISORS LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER AND COUNTERCLAIMS

Defendant, K2 Advisors LLC ("Defendant"), by and through the undersigned counsel, and for its Answer and Counterclaims to the Complaint of K2 Financial, LLC, ("Plaintiff"), does hereby declare and state as follows:

Defendant admits that the Complaint purports to state claims under the Declaratory Judgment Act and Federal Rule of Civil Procedure 57.

## PARTIES

1.     Upon information and belief, Defendant admits the contents of Paragraph 1 of the Complaint.

2.     Defendant admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.     Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338, but denies that this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1211.

4.     Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

5.     Defendant admits that this Court has personal jurisdiction over Defendant.

## FACTUAL ALLEGATIONS RELATED TO THE DISPUTE

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint, and therefore denies the same.  Defendant avers that Plaintiff has represented that it has used the standard character mark "K2 FINANCIAL" and a design-plus-words mark consisting of the words "K2 FINANCIAL" and a mountain design, in connection with "financial services, namely, student loan consolidation, consumer lending, mortgage lending, insurance brokerage, issuing credit cards, [and] funds investment."   Upon further information and belief, Defendant avers that Plaintiff does business with the financial services industry, including investment, brokerage, and lending institutions.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and therefore denies the same.

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 8 of the Complaint, and therefore denies the same.  Defendant admits that the website "www.k2financial.com" displays photographs of young adults, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the second sentence of Paragraph 8 of the Complaint, and therefore denies the same.  Defendant denies the allegations of the third sentence of Paragraph 8 of the Complaint.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence Paragraph 9 of the Complaint, and therefore denies the same.  Defendant denies the remaining allegations of Paragraph 9 of the Complaint.

10.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, and therefore denies the same.

11.    Defendant admits the allegations of the first sentence of Paragraph 11 of the Complaint.  Defendant further admits that these two applications were based on allegations of first use in October 2003 and first use in commerce in March 2004.  Defendant avers that Plaintiff applied for both marks in connection with use for "financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit product and issuing credit cards."  Except as so admitted and averred, Defendant denies the remaining allegations of Paragraph 11 of the Complaint.

12.    Defendant admits the allegations of Paragraph 12 of the Complaint.

13.    Defendant admits that Plaintiff filed an intent-to-use trademark application for registration of the mark "K2 STUDENT LOAN SOLUTIONS" in connection with "financial services, namely, student loan consolidation, student loans and consumer lending," and avers that Plaintiff has received a refusal to register this mark from the United States Patent and Trademark Office ("PTO") based on a likelihood of confusion with Defendant's K2 ADVISORS trademark. Defendant denies the remaining allegations of Paragraph 13 of the Complaint.

14.    Defendant admits that it is a "hedge fund of funds manager" and that it was established in 1994, and denies the remaining allegations of Paragraph 14 of the Complaint.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 15 of the Complaint, and therefore denies the same.  Defendant denies the remaining allegations of Paragraph 15 of the Complaint.

16.     Defendant admits the allegations of Paragraph 16 of the Complaint.

17.     Defendant denies the allegations of Paragraph 17 of the Complaint.

18.     Defendant admits the allegations of Paragraph 18 of the Complaint.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 19 of the Complaint, and therefore denies the same.   Defendant denies the allegations of the second sentence of Paragraph 19 of the Complaint.

20.     Defendant admits that on November 16, 2006, it sent a letter to Plaintiff, and further avers that the letter included the language quoted in Paragraph 20 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint, and therefore denies the same.

21.     Defendant admits the allegations of Paragraph 21 of the Complaint.

22.     Defendant admits the allegations of Paragraph 22 of the Complaint.

23.     Defendant denies that Plaintiff is not infringing or otherwise violating the trademark or other rights of Defendant.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint regarding Plaintiff's alleged investigation.

24.     Defendant admits that it vigorously defends its trademark rights, and that it has filed the two litigations referenced in Paragraph 24 of the Complaint.   As to the fourth sentence of Paragraph 24, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.   Defendant denies the remaining allegations of Paragraph 24 of the Complaint.

## DECLARATORY JUDGMENT

25.     Defendant incorporates by reference Paragraphs 1-24 of this Answer as if fully set forth herein.

26.     Defendant admits that an immediate and justiciable controversy exists between Plaintiff and Defendant and that this matter is appropriate for adjudication.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of the Complaint, and therefore denies the same.

27.     Defendant denies the allegations of Paragraph 27 of the Complaint.

28.     Defendant denies the allegations of Paragraph 28 of the Complaint.

29.     Defendant denies the allegations of Paragraph 29 of the Complaint.

30.     Defendant denies the allegations of Paragraph 30 of the Complaint.

31.     Defendant denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief, and further denies each and every allegation in the Complaint not expressly admitted or controverted above.

## ADDITIONAL DEFENSES

**FIRST ADDITIONAL DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND ADDITIONAL DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**THIRD ADDITIONAL DEFENSE**

The Complaint and the causes of action therein fail to state facts sufficient to recover attorneys' fees against Defendant; provided, however, if and to the extent a basis for a claim for attorneys' fees exists, Defendant alleges that it is entitled to recover from Plaintiff all attorneys' fees incurred in the defense of this action.

**FOURTH ADDITIONAL DEFENSE**

Defendant reserves the right to plead further additional defenses as may appear in the future.

## COUNTERCLAIMS

Counterclaimant, K2 Advisors LLC ("Defendant"), by its attorneys, for its Counterclaims against Counterclaim-Defendant K2 Financial, LLC ("Plaintiff"), alleges as follows:

### THE PARTIES

1.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut.

2.      Upon information and belief, Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Hockessin, Delaware.

### JURISDICTION AND VENUE

**3.      These claims arise under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*.**

**4.      Jurisdiction and venue are proper in this judicial district pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, 1367, and 1391(b) and (c).**

5.      This Court has personal jurisdiction over Plaintiff, based upon, among other things, its domicile in this District, and its filing of this civil action in this District.

### FACTUAL ALLEGATIONS

6.      Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-5 of its Counterclaims.

7.    Defendant acts as a general partner, managing member, and advisor to funds of hedge funds. Defendant does business with, *inter alia*, the financial services industry, including investment, brokerage, and lending institutions.

8.    Defendant has operated as a Registered Investment Adviser (RIA) with the United States Securities and Exchange Commission (SEC) since 2003. Defendant is also registered with the Commodity Futures Trading Commission (CFTC) and is a member of the National Futures Association.

9.    Defendant is now using, and has for a number of years used, the trademarks K2 and K2 ADVISORS in connection with "investment advisory and management services; investment of funds for others."

10.    Defendant is the owner of U.S. Trademark Registration No. 2,481,600, issued August 28, 2001, for the mark K2 ADVISORS as used to identify "investment advisory and management services; investment of funds for others."

11.    This registration is in full force and effect, and Defendant's rights in said mark and registration have become incontestable under Title 15 of the United States Code.

12.    Defendant has used the trademarks K2 and K2 ADVISORS in commerce in connection with "investment advisory and management services; investment of funds for others" since as early as October 1994.

13.    In or around June 2005, Plaintiff filed two trademark applications in the PTO, for the standard character mark "K2 FINANCIAL" and for a design-plus-words mark consisting of the words "K2 FINANCIAL" and a mountain design (collectively, the "K2 FINANCIAL marks").

14.     Both of Plaintiff's applications claimed first use of the marks in October 2003, and first use in commerce of the marks in March 2004, nearly ten years after Defendant began using the marks K2 and K2 ADVISORS.

15.     The original list of services in these applications read as follows: "financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit products and issuing credit cards."   This original list of services did not include "funds investment."   The term "funds investment" was added to the identification of services in the applications by Responses filed with the PTO on April 18, 2006.   Upon information and belief, the addition of the term "funds investment" to the identification of services in the applications was made after the Examiner reviewing those applications had conducted searches for conflicting marks.   Upon further information and belief, the Examiner reviewing those applications did not conduct an updated search for conflicting marks after the addition of the term "funds investment" to those applications.

16.     The applications for Plaintiff's K2 FINANCIAL marks issued as Registration No. 3,190,571 (word mark) on January 2, 2007, and as Registration No. 3,200,108 (words-plus-design) on January 23, 2007.   The services listed in the Registrations read as follows:   "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage and issuing credit cards; [and] funds investment."

17.     These services are identical to or related to the services offered by Defendant under the marks K2 and K2 ADVISORS, i.e., "investment advisory and management services; investment of funds for others."

18.     Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

- 8 -

19.     On April 17, 2007, Defendant filed petitions with the PTO to cancel Registration Nos. 3,190,571 and 3,200,108.

20.     On or about November 6, 2006, Plaintiff filed U.S. Trademark Application No. 77/037789 for the mark "K2 STUDENT LOAN SOLUTIONS" with the PTO, claiming an intent to use in connection with "financial services, namely, student loan consolidation, student loans and consumer lending." These services are related to the services offered by Defendant under the marks K2 and K2 ADVISORS, i.e. "investment advisory and management services; investment of funds for others."

21.     On March 23, 2007, the PTO Examiner issued a refusal to register Plaintiff's K2 STUDENT LOAN SOLUTIONS mark based on a likelihood of confusion with Defendant's K2 ADVISORS trademark.

22.     On or about December 12, 2006, Plaintiff filed its Complaint.

23.     Plaintiff did not serve Defendant with the Complaint until April 6, 2006.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

24.     Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-23 of its Counterclaims.

25.     Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services constitutes infringement of Defendant's K2 ADVISORS trademark, in violation of 15 U.S.C. § 1114(1).

26.     The services in connection with which Plaintiff uses the K2 FINANCIAL marks, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage

lending; insurance brokerage, issuing credit cards [and] funds investment" are identical or related to services offered by Defendant under the mark K2 ADVISORS, i.e. "investment advisory and management services; investment of funds for others."

27.     Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

28.     Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm.

29.     Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating confusion in the mind of the consumer as to the nature of the relationship between Plaintiff and Plaintiff's services, on the one hand, and Defendant and Defendant's services on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072.  On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks.  Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

30.     Plaintiff's use of the K2 FINANCIAL marks has, and continues to, damage, impair, and dilute Defendant's goodwill symbolized by its K2 ADVISORS trademark.

31.     Plaintiff's willful use of the K2 FINANCIAL marks has damaged and continues to damage Defendant in an amount to be determined at trial.  Such use has also

irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined. Defendant has no adequate remedy at law.

## COUNT II
### FEDERAL TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN

32.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-31 of its Counterclaims.

33.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services constitutes infringement of Defendant's K2 and K2 ADVISORS trademarks, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is a false designation of origin which is likely to cause confusion, to cause mistake and to deceive as to the affiliation, connection, or association of Plaintiff with Defendant and Defendant's goods and services, and as to the origin or sponsorship of such services by Defendant, in violation of 15 U.S.C. § 1125(a).

35.    The services in connection with which Plaintiff uses the K2 FINANCIAL marks, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards [and] funds investment" are identical or related to services offered by Defendant under the marks K2 and K2 ADVISORS, i.e., "investment advisory and management services; investment of funds for others."

36.    Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

37.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm in violation of 15 U.S.C. § 1125(a).

38.    Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating a false association in the mind of the consumer between Plaintiff, on the one hand, and Defendant, on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072.  On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 and K2 ADVISORS marks prior to Plaintiff's first use of the K2 FINANCIAL marks. Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

39.    Plaintiff's use of the K2 FINANCIAL marks has, and continues to, damage, impair, and dilute Defendant's goodwill symbolized by its K2 and K2 ADVISORS trademarks.

40.    Plaintiff's willful use of the K2 FINANCIAL marks has damaged and continues to damage Defendant in an amount to be determined at trial.  Such use has also irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined.  Defendant has no adequate remedy at law.

## COUNT III
### FEDERAL UNFAIR COMPETITION

41.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-40 of its Counterclaims.

42.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services constitutes unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.    The services in connection with which Plaintiff uses the K2 FINANCIAL marks, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards [and] funds investment" are identical or related to services offered by Defendant under the marks K2 and K2 ADVISORS, i.e., "investment advisory and management services; investment of funds for others."

44.    Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

45.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm in violation of 15 U.S.C. § 1125(a).

46.    Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating confusion in the mind of the consumer as to the nature of the relationship between Plaintiff and Plaintiff's services, on the one hand, and Defendant and Defendant's services on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark

prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072. On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 and K2 ADVISORS marks prior to Plaintiff's first use of the K2 FINANCIAL marks. Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

47.    Plaintiff's use of the K2 FINANCIAL marks has, and continues to, damage, impair, and dilute Defendant's goodwill symbolized by its K2 and K2 ADVISORS trademarks.

48.    Plaintiff's willful use of the K2 FINANCIAL marks has damaged and continues to damage Defendant in an amount to be determined at trial. Such use has also irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined. Defendant has no adequate remedy at law.

## COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

49.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-48 of its Counterclaims.

50.    In addition to the federal registration and rights owned by Defendant as set forth above, Defendant owns and enjoys common law rights in Defendant's K2 and K2 ADVISORS marks under federal and Delaware state law which are superior to any rights which Plaintiff can claim in and to its use of the K2 FINANCIAL marks.

51.    Plaintiff's conduct as described above constitutes trademark infringement in violation of the federal common law and the common law of the State of Delaware.

52.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm.

53.    Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating confusion in the mind of the consumer as to the nature of the relationship between Plaintiff and Plaintiff's services, on the one hand, and Defendant and Defendant's services on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072.  On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 and K2 ADVISORS marks prior to Plaintiff's first use of the K2 FINANCIAL marks.  Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

54.    Plaintiff's acts of trademark infringement have damaged and continue to damage Defendant in an amount to be determined at trial.  Such use has also irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined.  Defendant has no adequate remedy at law.

## COUNT V
### COMMON LAW UNFAIR COMPETITION

55.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-54 of its Counterclaims.

56.     Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services constitutes unfair competition in violation of the common law of the State of Delaware.

57.     The services in connection with which Plaintiff uses the K2 FINANCIAL marks, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards [and] funds investment" are identical or related to services offered by Defendant under the marks K2 and K2 ADVISORS, i.e. "investment advisory and management services; investment of funds for others."

58.     Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

59.     Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely or reasonably calculated to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm.

60.     Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating confusion in the mind of the consumer as to the nature of the relationship between Plaintiff and Plaintiff's services, on the one hand, and Defendant and Defendant's services on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072.  On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 and K2 ADVISORS marks prior to Plaintiff's first use of the K2 FINANCIAL marks.  Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

61.     Plaintiff's use of the K2 FINANCIAL marks has, and continues to, damage, impair, and dilute Defendant's goodwill symbolized by its K2 and K2 ADVISORS trademarks.

62.     Plaintiff's willful use of the K2 FINANCIAL marks has damaged and continues to damage Defendant in an amount to be determined at trial.  Such use has also irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined.  Defendant has no adequate remedy at law.

## COUNT VI
### STATE DECEPTIVE TRADE PRACTICES – DEL. CODE ANN. TITLE 6, § 2532

63.     Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-62 of its Counterclaims.

64.     Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services constitutes deceptive trade practices under the laws of the state of Delaware, Del. Code. Ann. Title 6, § 2532.

65.     The services in connection with which Plaintiff uses the K2 FINANCIAL marks, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards [and] funds investment" are identical or related to services offered by Defendant under the marks K2 and K2 ADVISORS, i.e., "investment advisory and management services; investment of funds for others."

66.     Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

67.    Plaintiff's use of the K2 FINANCIAL marks in commerce in connection with its services is likely to cause confusion or mistake or to deceive consumers, including the financial services industry, as to the source of origin or sponsorship or endorsement of Plaintiff's services, or wrongly lead consumers to conclude that some connection exists between Defendant and Plaintiff, all to Defendant's harm, all to Defendant's harm.

68.    Plaintiff has intentionally traded upon Defendant's trademark rights for the purpose of creating confusion in the mind of the consumer as to the nature of the relationship between Plaintiff and Plaintiff's services, on the one hand, and Defendant and Defendant's services on the other.  Plaintiff had constructive knowledge of Defendant's K2 ADVISORS mark prior to Plaintiff's first use of the K2 FINANCIAL marks, pursuant to 15 U.S.C. § 1072.  On information and belief, Plaintiff had actual knowledge of Defendant's rights in its K2 and K2 ADVISORS marks prior to Plaintiff's first use of the K2 FINANCIAL marks.  Thus, Plaintiff has willfully and deliberately infringed Defendant's trademark rights.

69.    Plaintiff's use of the K2 FINANCIAL marks has, and continues to, damage and impair Defendant's goodwill symbolized by its K2 and K2 ADVISORS trademarks.

70.    Plaintiff's conduct has irreparably harmed Defendant and will continue to irreparably harm Defendant unless and until Plaintiff's unlawful conduct is enjoined.  Defendant has no adequate remedy at law.

71.    As such, Defendant is entitled to temporary, preliminary, and permanent relief to stop Plaintiff's present use of the K2 FINANCIAL marks and to prevent its future use of the same.

72.    Additionally, Defendant is entitled to treble damages, costs, and reasonable attorneys fees pursuant to Title 6, section 2533 of the Delaware Code in an amount to be determined at trial.

### COUNT VII
### CANCELLATION OF U.S. TRADEMARK REGISTRATIONS NOS. 3,190,571 AND 3,200,108

73.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-72 of its Counterclaims.

74.    Defendant is now using, and has for a number of years used, the trademarks K2 and K2 ADVISORS in connection with "investment advisory and management services; investment of funds for others."

75.    Defendant is the owner of U.S. Trademark Registration No. 2,481,600, issued August 28, 2001, for the mark K2 ADVISORS as used to identify "investment advisory and management services; investment of funds for others." Said registration is in full force and effect, and Defendant's rights in said mark and registration have become incontestable under U.S. Trademark Law.

76.    Defendant has used the trademarks K2 and K2 ADVISORS in commerce in connection with "investment advisory and management services; investment of funds for others" since 1994.

77.    Plaintiff has alleged that it first used the K2 FINANCIAL marks in October 2003, and that it first used the K2 FINANCIAL marks in commerce in March 2004.

78.    Defendant's date of first use of the marks K2 and K2 ADVISORS is long before any date of first use that may be alleged by Plaintiff for its K2 FINANCIAL marks.

79.    The registration date for Defendant's Registration No. 2,481,600 for the mark K2 ADVISORS is long before any date of first use that may be alleged by Plaintiff for its K2 FINANCIAL marks.

80.    The services listed in Registration No. 3,190,571 for the mark K2 FINANCIAL and Registration No. 3,200,108 for the mark K2 FINANCIAL & design, i.e., "financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards [and] funds investment," are identical to or related to the services listed in Registration No. 2,481,600 for the mark K2 ADVISORS, i.e., "investment advisory and management services; investment of funds for others."

81.    The services listed in Registration No. 3,190,571 for the mark K2 FINANCIAL and Registration No. 3,200,108 for the mark K2 FINANCIAL & design, are identical to or related to the services offered by Defendant under the marks K2 and K2 ADVISORS.

82.    Upon information and belief, both Defendant and Plaintiff do business with the financial services industry, including investment, brokerage, and lending institutions.

83.    The K2 FINANCIAL marks in the subject registrations are confusingly similar to Defendant's trademarks K2 and K2 ADVISORS.

84.    Consumers, including those in the financial services industry, are likely to be confused between Plaintiff's K2 FINANCIAL marks and Defendant's trademarks K2 and K2 ADVISORS.

85.    Consumers, including those in the financial services industry, are likely to be confused and to mistakenly believe that Plaintiff's services offered under its K2 FINANCIAL marks either emanate from or are licensed by, sponsored by, or associated with Defendant.

86.    Consumers, including those in the financial services industry, are likely to be confused and to mistakenly believe that Defendant's services offered under its K2 and K2 ADVISORS trademarks either emanate from or are licensed by, sponsored by, or associated with Plaintiff.

87.    If Plaintiff were permitted to maintain the subject registrations, confusion among consumers resulting in damage and injury to Defendant would be caused by virtue of the similarity between Plaintiff's trademarks and Defendant's trademarks, and the related nature of the services covered by those marks.  Any defect, objection or fault found with Plaintiff's services would reflect upon, seriously injure, and dilute the reputation and value that Defendant has established under its trademarks.

88.    Accordingly, U.S. Trademark Registration Nos. 3,190,571 and 3,200,108 should be cancelled.

## COUNT VIII
### CANCELLATION OF U.S. TRADEMARK REGISTRATIONS NOS. 3,190,571 AND 3,200,108

89.    Defendant incorporates by reference all of the statements set forth above in its Answer and Affirmative Defenses to Plaintiff's Complaint, and Paragraphs 1-88 of its Counterclaims.

90.    The original list of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 read as follows:  "financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit products and issuing credit cards."

91.    The original list of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 did not include "funds investment."

92.    The term "funds investment" was added to the identification of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 by Responses filed with the PTO on April 18, 2006.

93.    Upon information and belief, the addition of the term "funds investment" to the identification of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 was made after the Examiner reviewing those applications had conducted searches for conflicting marks.

94.    Upon information and belief, the Examiner reviewing those applications did not conduct an updated search for conflicting marks after the addition of the term "funds investment" to those applications.

95.    The addition of the term "funds investment" to the identification of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 was contrary to the provisions of Trademark Rule 2.71(a), 37 C.F.R. §2.71(a), which restricts amendments to the identification of goods or services as follows:  "The applicant may amend the application to clarify or limit, but not to broaden, the identification of goods and/or services."

96.    The addition of the term "funds investment" to the identification of services in the applications that issued as Registration No. 3,190,571 and Registration No. 3,200,108 was an improper broadening of the identification of services, and therefore renders Registration No. 3,190,571 and Registration No. 3,200,108 void.

97.    Registration No. 3,190,571 and Registration No. 3,200,108 both issued contrary to the provisions of Trademark Rule 2.71(a), 37 C.F.R. §2.71(a), and are therefore void.

98.    Accordingly, U.S. Trademark Registration Nos. 3,190,571 and 3,200,108 should be cancelled.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff as follows:

A.    Finding that Plaintiff's use of the K2 FINANCIAL marks infringes, tarnishes, and otherwise interferes with Defendant's rights in and to its trademarks, and likely causes confusion, mistake, or deception as to:  (a) the nature of goods and services connected with Defendant's marks; (b) the affiliation, connection, or association of Plaintiff and Plaintiff's services with Defendant; and/or (c) the origin, sponsorship, or approval of Plaintiff and Plaintiff's services by Defendant.

B.    Granting a preliminary and permanent injunction enjoining and restraining Plaintiff (including its officers, agents, servants, employees, attorneys, privies, representatives, successors, assign, and any and all other persons in active concert or participation with Plaintiff or under Plaintiff's authority, either separately or jointly), from infringing Defendant's trademark rights, from injuring Defendant's business reputation and goodwill, from unfairly competing with Defendant in any manner whatsoever, and specifically from:

a.    Using as a trademark K2 FINANCIAL, K2 FINANCIAL plus a design, K2 STUDENT LOAN SOLUTIONS, K2 or any other mark confusingly similar to Defendant's K2 and K2 ADVISORS marks;

b.    Using in any manner any trademark which would imitate, resemble, or suggest Defendant's K2 and K2 ADVISORS marks;

      c.      Offering, advertising, and/or promoting any services using a trademark that imitates, resembles, suggests, or is confusingly similar to Defendant's K2 and K2 ADVISORS marks;

      d.      Using any false designation of origin or false description, or performing any act which can or is likely to lead members of the trade or public to believe that any service offered for sale, advertised, or promoted by Plaintiff is in any manner associated or connected with Defendant or is sponsored, approved, or authorized by Defendant;

      e.      Engaging in any other activity constituting unfair competition with Defendant, or constituting an infringement or dilution of Defendant's rights in the K2 and K2 ADVISORS marks.

      f.      Assisting, aiding, or abetting any other person or entity in engaging or performing any of the activities referred to above.

C.      Ordering that Plaintiff's U.S. Trademark Registrations Nos. 3,190,571 and 3,200,108 be cancelled, and that Plaintiff be prohibited from filing any further U.S. or state trademark applications for marks that are likely to cause confusion, mistake, or deception as to: (a) the nature of goods and services connected with Defendant's marks; (b) the affiliation, connection or association of Plaintiff and Plaintiff's services with Defendant; and/or (c) the origin, sponsorship, or approval of Plaintiff and Plaintiff's services by Defendant.

D.      Ordering that Plaintiff's U.S. Trademark Application No. 77/037789 be abandoned.

E.      Awarding Defendant monetary relief in the form of an accounting and

payment by Plaintiff of all financial gains, profits, and advantages derived from its unlawful activities, such amount to be trebled by virtue of Plaintiff's willful conduct, pursuant to 15 U.S.C. § 1117(a) and (b) and Delaware law, but in no case less than statutory damages as provided by 15 U.S.C. § 1117(c).

F.     Awarding Defendant monetary relief in the form of an award of compensatory and increased damages in an amount to be proven at trial;

G.     Awarding Defendant its costs, including their reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a) and (b) and Del. Code. Ann. Tit. 6 § 2532; and

H.     Granting Defendant such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

_____

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for K2 Advisors LLC*

OF COUNSEL:

Julie A. Petruzzelli
Michelle M. Marcus
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
202.334.4000

Dated:  April 26, 2007
812055

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2007, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

John W. Shaw, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on April 26, 2007 upon the following individuals in the manner indicated:

### BY HAND DELIVERY

Elena C. Norman, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801


*/s/ Mary B. Graham*
_____
Mary B. Graham (#2256)

812113