IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| K2 FINANCIAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-761-GMS |
| | ) | |
| K2 ADVISORS LLC, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF K2 FINANCIAL, LLC'S ANSWER
### TO DEFENDANT K2 ADVISORS LLC'S COUNTERCLAIMS

Plaintiff K2 Financial, LLC ("Plaintiff") through and by its undersigned counsel, hereby answers the counterclaims of Defendant K2 Advisors LLC ("Defendant") as follows:

### THE PARTIES

1.    Admitted, upon information and belief.

2.    Admitted.

### JURISDICTION AND VENUE

3.    Admitted.

4.    Admitted.

5.    Admitted.

### FACTUAL ALLEGATIONS

6.    Plaintiff incorporates paragraphs 1 through 5 set forth above by reference as if set forth fully herein.

7.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 7 of the counterclaims.

1

8.      Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 8 of the counterclaims.

9.      Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the counterclaims.

10.      Plaintiff admits that the records of the U.S. Patent and Trademark Office list defendant as the owner of U.S. Trademark Registration No. 2,481,600 for the mark K2 ADVISORS, issued August 28, 2001, with associated goods and services identified as "investment advisory and management services; investment of funds for others."

11.      Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the counterclaims.

12.      Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the counterclaims.

13.      Plaintiff admits that in June 2005 Plaintiff filed with the United States Patent and Trademark Office ("PTO") applications for trademark registration of the standard character mark "K2 Financial" and for a design-plus-words mark of "K2 Financial" and a mountain design.

14.      Plaintiff admits that the trademark-registration applications it filed with the PTO in June 2005 stated that the K2 FINANCIAL marks were first used in October 2003 and that the marks were first used in commerce in March 2004.  Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the remainder of paragraph 14 of the counterclaims.

15.      Plaintiff admits that the trademark-registration applications filed in June 2005 listed the following services: "Financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit products and issuing credit cards," and did not list the

term "funds investment." On April 18, 2006, in response to office actions issued by the examining attorney assigned to the applications, Plaintiff amended the services descriptions to: "Financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards, and funds investment." Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the last two sentences of paragraph 15 of the counterclaims.

16.    Admitted.

17.    Denied.

18.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 18 of the counterclaims.

19.    Admitted, upon information and belief.

20.    Plaintiff admits the first sentence of paragraph 20 of the counterclaims and denies the remainder of paragraph 20 of the counterclaims.

21.    Plaintiff admits that the PTO examiner assigned to Plaintiff's application for the K2 STUDENT LOAN SOLUTIONS mark issued an office action on March 23, 2007. Plaintiff denies the remainder of the allegations in paragraph 21 of the counterclaims.

22.    Admitted.

23.    Plaintiff admits that in the interest of settling this dispute, it did not immediately serve the Complaint on Defendant, but served the Complaint on April 6, 2007. On or about the date of filing the Complaint in December 2006, Plaintiff's counsel notified Defendant's counsel by letter that the Complaint had been filed; the parties thereafter engaged in settlement discussions.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT

24.    Plaintiff incorporates paragraphs 1 through 23 set forth above by reference as if set forth fully herein.

25.    Denied.

26.    Denied.

27.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 27 of the counterclaims.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

## COUNT II
### FEDERAL TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN

32.    Plaintiff incorporates paragraphs 1 through 31 set forth above by reference as if set forth fully herein.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 36 of the counterclaims.

37.    Denied.

38.    Denied.

39.    Denied.

DB02:5981977.1    062979.1004

40.     Denied.

## COUNT III
### FEDERAL UNFAIR COMPETITION

41.     Plaintiff incorporates paragraphs 1 through 40 set forth above by reference as if set forth fully herein.

42.     Denied.

43.     Denied.

44.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 44 of the counterclaims.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## COUNT IV
### COMMON LAW TRADEMARK INFRINGEMENT

49.     Plaintiff incorporates paragraphs 1 through 48 set forth above by reference as if set forth fully herein.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

DB02:5981977.1                                                                                    062979.1004

## COUNT V
### COMMON LAW UNFAIR COMPETITION

55.     Plaintiff incorporates paragraphs 1 through 54 set forth above by reference as if set forth fully herein.

56.     Denied.

57.     Denied.

58.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 58 of the counterclaims.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

## COUNT VI
### STATE DECEPTIVE TRADE PRACTICES-DEL. CODE ANN. TITLE 6, § 2532

63.     Plaintiff incorporates paragraphs 1 through 62 set forth above by reference as if set forth fully herein.

64.     Denied.

65.     Denied.

66.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 66 of the counterclaims.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

6

71.    Denied.

72.    Denied.

## COUNT VII
### CANCELLATION OF U.S. TRADEMARK REGISTRATIONS NOS. 3,190,571, AND 3,200,108

73.    Plaintiff incorporates paragraphs 1 through 72 set forth above by reference as if set forth fully herein.

74.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 74 of the counterclaims.

75.    Plaintiff admits that Defendant appears to be the owner of U.S. Trademark Registration No. 2,481,600 for the mark K2 ADVISORS, issued August 28, 2001, with associated goods and services identified as "investment advisory and management services; investment of funds for others." Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 75 of the counterclaims as they pertain to the status of the registration and Defendant's rights in the mark and registration.

76.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 76 of the counterclaims.

77.    Admitted.

78.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 78 of the counterclaims.

79.    Plaintiff admits that the registration date for the U.S. Trademark Registration No. 2,481,600 is earlier in time than the dates on which the K2 FINANCIAL marks were first used by Plaintiffs.

80.    Denied.

7

81.    Denied.

82.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 82 of the counterclaims.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## COUNT VIII

### CANCELLATION OF U.S. TRADEMARK REGISTRATIONS NOS. 3,190,571, AND 3,200,108

89.    Plaintiff incorporates paragraphs 1 through 88 set forth above by reference as if set forth fully herein.

90.    Admitted.

91.    Plaintiff admits that the trademark-registration applications filed in June 2005 listed the following services: "Financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit products and issuing credit cards," and did not list the term "funds investment."  On April 18, 2006, in response to office actions issued by the examining attorney assigned to the applications, Plaintiff amended the services descriptions in the applications to: "Financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards, and funds investment."

92.    Plaintiff admits that the trademark-registration applications filed in June 2005 listed the following services: "Financial services, namely, student loan consolidation, personal loans, mortgages, insurance and deposit products and issuing credit cards," and did not list the

8

term "funds investment." On April 18, 2006, in response to office actions issued by the examining attorney assigned to the applications, Plaintiff amended the services descriptions in the applications to: "Financial services, namely, student loan consolidation, consumer lending, mortgage lending; insurance brokerage, issuing credit cards, and funds investment."

93.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 93 of the counterclaims.

94.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 94 of the counterclaims.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Plaintiff denies that Defendant is entitled to any of the relief requested in its Prayer for Relief and further denies each and every allegation in the counterclaims not expressly admitted or controverted above.

## ADDITIONAL DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant's counterclaims fail to state a cause of action for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's counterclaims are barred by the doctrine of laches.

DB02:5981977.1

062979.1004

**THIRD AFFIRMATIVE DEFENSE**

Defendant's counterclaims for profits and damages are barred by 15 U.S.C. § 1111, 15 U.S.C. § 1114, and the principles of equity, pursuant to 15 U.S.C. § 1117(a).

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff reserves the right to plead further additional defenses as may appear in the future.

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
*jshaw@ycst.com*
Elena C. Norman (No. 4780)
*enorman@ycst.com*
Sara Beth A. Reyburn (No. 4137)
*sreyburn@ycst.com*
Jeffrey T. Castellano (No. 4837)
*jcastellano@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*Attorneys for K2 Financial, LLC*

Dated: May 16, 2007

## CERTIFICATE OF SERVICE

I, Sara Beth A. Reyburn, Esquire, hereby certify that on May 16, 2007, the

foregoing document was electronically filed with the Clerk of the Court using CM/ECF which

will send notification that such filing is available for viewing and downloading to the following

counsel of record:

> Mary B. Graham, Esq.
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE 19801

Additionally, I hereby certify that on May 16, 2007, the foregoing document was

served by hand delivery on the above-listed counsel and on the following counsel as indicated:

### BY FEDERAL EXPRESS

> Julie A. Petruzzelli, Esq.
> Michelle M. Marcus, Esq.
> VENABLE LLP
> 575 7th Street, NW
> Washington, DC 20004

> *Sara Beth A. Reyburn*
> Sara Beth A. Reyburn (No. 4137)
> *sreyburn@ycst.com*
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building, 17th Floor
> 1000 West Street
> Wilmington, DE 19801
> 302-571-6600

> *Attorneys for K2 Financial, LLC*

062979.1004