IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K2 FINANCIAL, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 06-761-GMS |
| | ) |
| K2 ADVISORS LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## JOINT STATUS REPORT

1.    **Jurisdiction and Service.**

        The parties agree that this Court has jurisdiction over the subject matter of, and

the parties to, this action.

2.    **Substance of the Action.**

        Plaintiff K2 Financial, LLC ("Financial"), pursuant to 28 U.S.C. § 2201 and

Federal Rule of Civil Procedure 57, requests a declaratory judgment that its use of and/or

immediate intended use of the trademarks K2 FINANCIAL (U.S. Trademark Registration No.

3,190,571), K2 FINANCIAL plus design (U.S. Trademark Registration No. 3,200,108), and K2

STUDENT LOAN SOLUTIONS (U.S. Trademark Application Serial No. 77/037789) in

connection with loan and loan consolidation products does not and will not infringe, dilute, or

tarnish any trademark held by Defendant K2 Advisors, LLC ("Advisors") under the Lanham Act,

15 U.S.C. § 1051, *et seq.*, or any other federal or state law. Financial further requests a

declaratory judgment that its use of the marks does not constitute unfair competition, deceptive

trade practices, or false designation of origin under the Lanham Act or any other federal or state

1

law with respect to any trademark held by Advisors, and that Financial is free to use the marks in connection with its student loan consolidation business and related businesses.

Advisors holds U.S. Trademark Registration No. 2,481,600, issued on August 28, 2001, for K2 ADVISORS used to identify "investment advisory and management services; investment of funds for others," and contends it has common law rights to the K2 and K2 ADVISORS marks. Advisors asserts that Financial's use of the K2 FINANCIAL word mark, K2 FINANCIAL word and design mark, and the K2 STUDENT LOAN SOLUTIONS mark constitutes infringement of Defendant's K2 and K2 ADVISORS trademarks in violation of 15 U.S.C. § 1114(1); trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a); trademark infringement under federal and Delaware state common law; unfair competition under Delaware common law; and a deceptive trade practice under 6 Del. C. § 2532. In addition, Advisors asserts that Plaintiff's U.S. Trademark Registrations Nos. 3,190,571 and 3,200,108 should be cancelled because the registered marks are confusingly similar to Defendant's marks and were issued in violation of Trademark Rule 2.71(a), 37 C.F.R. § 2.71(a).

**3.    Identification of Issues.**

The issues to be resolved in this action include whether:

(a)    Plaintiff's use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks constitutes trademark infringement under federal and state law;

(b)    Plaintiff's use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks constitutes unfair competition under federal and state law;

062979.1004

(c)     Plaintiff's use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks constitutes a false designation of origin under federal law;

(d)     Plaintiff's use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks constitutes dilution or tarnishment under federal or state law;

(e)     Plaintiff's use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks constitutes a deceptive trade practice under federal or state law;

(f)     Plaintiff's U.S. Trademark Registrations Nos. 3,190,571 and 3,200,108 should be cancelled because they are confusingly similar to Defendant's marks; and

(g)     Plaintiff's U.S. Trademark Registrations Nos. 3,190,571 and 3,200,108 should be cancelled because they were issued in violation of Trademark Rule 2.71(a), 37 C.F.R. § 2.71(a).

**4.     Narrowing of Issues.**

The parties believe that it is premature to determine whether issues may be narrowed by way of stipulation or dispositive motions, but at a later point may file a request for permission to file one or more  motions for summary judgment that could reduce the number of issues to be decided at trial.

**5.     Relief.**

Financial seeks a declaratory judgment that its use of and/or immediate intent to use the K2 FINANCIAL and K2 STUDENT LOAN SOLUTIONS marks does not and will infringe, dilute or tarnish any trademark held by Advisors and does not constitute unfair competition, deceptive trade practices, or false designation of origin under the Lanham Act or

DB02:6228911.3                                                                                                    062979.1004

any other federal or state laws. In addition, Financial requests that Advisors not be awarded any relief in connection with its Counterclaims. Financial further seeks an award of costs and attorney's fees in this action, as well as any other relief the Court deems just and proper.

Advisors seeks a judgment that Financial's use of the K2 FINANCIAL marks infringes, tarnishes, or otherwise interferes with Advisors' rights in and to its trademarks. Additionally, Advisors seeks a preliminary and permanent injunction to restrain Financial from infringing Advisors' trademark rights, injuring Advisors' business reputation and goodwill, and from unfairly competing with Advisors. Advisors also seeks cancellation of Financial's U.S. Trademark Registrations Nos. 3,190,571 and 3,200,108, that Financial be prohibited from filing further trademark applications that interfere with Advisors' trademark rights, and that Financial be ordered to abandon its U.S. Trademark Application No. 77/037789. Finally, Advisors seeks damages, trebled damages for willful conduct, compensatory and increased damages, costs, attorney's fees and such other and further relief as deems just and proper.

6.    **Amendment of Pleadings.**

The parties have agreed that, unless the Court orders otherwise, all motions to amend the pleadings shall be filed by March 17, 2008.

7.    **Joinder of Parties.**

The parties have agreed that, unless the Court orders otherwise, all motions to join other parties shall be filed by March 17, 2008.

8.    **Discovery.**

Discovery has not yet started in this matter. The parties have agreed that there should be no limit to the number of document requests or requests for admissions, only that the number be reasonable. The parties have also agreed that each side shall be limited to 25

4

interrogatories and that each side be permitted to take up to 70 hours of fact depositions. Plaintiff believes that each deposition should be limited to one day of no more than seven hours pursuant to Federal Rule of Civil Procedure 30(d)(2). Defendant believes that the parties should not be limited to seven hours for each deposition because more time may be needed given that Plaintiff is a small company and its personnel may have multiple roles or knowledge across multiple areas.

The parties believe that should the need arise later in the case to modify the above agreed limits, the parties can and should work together to reach reasonable accommodation that is acceptable to the court.

**9.     Estimated trial length.**

The parties estimate that the trial of this case will take between approximately 3-5 days. The parties jointly propose a trial in March 2009, or earlier if the Court's schedule permits, consistent with the date for filing case dispositive motions. Attached as Exhibit A is a form of Scheduling Order indicating the parties' proposals.

**10.    Jury trial.**

Although Defendant has not demanded a jury trial, Plaintiff has demanded a jury trial for the claims raised in its complaint for declaratory judgment and in Defendant's counterclaims.

**11.    Settlement.**

The parties have discussed and are continuing to discuss settlement. The parties have exchanged proposed settlement offers and have had several telephone and in-person meetings between business principals. The parties are currently discussing and negotiating a written settlement agreement.

5

12.    **Other Matters.**

On April 17, 2007, Advisors filed with the United States Patent and Trademark

Office's Trademark Trial and Appeal Board (TTAB) a Petition for Cancellation of Financial's

U.S. trademark registrations for the K2 FINANCIAL word mark and K2 FINANCIAL word and

design mark. Financial filed an answer to the Petition on May 30, 2007. Although no further

activity has occurred in the cancellation proceeding, the matter remains pending. The parties

have agreed to file a joint stipulation suspending the TTAB cancellation proceeding until this

action is finally resolved.


Counsel for the parties have conferred about each of the above matters.

| | |
|---|---|
| Young Conaway Stargatt & Taylor, LLP | Morris, Nichols, Arsht & Tunnell LLP |
| /s/ Sara Beth A. Reyburn | /s/ Mary B. Graham |
| John W. Shaw (No. 3362) | Mary B. Graham (No. 2256) |
| Elena C. Norman (No. 4780) | 1201 N. Market Street |
| Sara Beth A. Reyburn (No. 4137) | P.O. Box 1347 |
| The Brandywine Building, 17th Floor | Wilmington, DE 19899-1347 |
| 1000 West Street | (302) 658-9200 |
| Wilmington, DE 19801 | *Attorneys for K2 Advisors, LLC* |
| (302) 571-6600 | |
| *Attorneys for K2 Financial, LLC* | |

Dated: September 11, 2007

DB02:6228911.3                                                          062979.1004

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K2 FINANCIAL, LLC,<br><br>          Plaintiff,<br><br>       v.<br><br>K2 ADVISORS LLC,<br><br>          Defendant. | C.A. No. 06-761-GMS |

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2007, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on September 18, 2007, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

IT IS ORDERED that:

1.  **Rule 26(a) Initial Disclosures.**  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or before November 1, 2007.

2.  **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before March 17, 2008.

3.  **Discovery.**  All fact discovery in this case shall be initiated so that it will be completed on or before May 16, 2008.  Expert Discovery in this case shall be initiated so that it will be completed on or before August 22, 2008.   The parties shall exchange opening expert

7

062979.1004

reports on June 20, 2008, and answering expert reports on July 18, 2008. The parties may serve 25 interrogatories per side, including sub-parts.

        a.    **Discovery and Scheduling Matters:** Should counsel find they are unable to resolve a discovery or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **joint, non-argumentative** letter agenda not to exceed two (2) pages outlining the issue(s) in dispute. A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the Court find further briefing necessary upon conclusion of the telephone conference, unless otherwise directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

        4.    **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

8

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3(a).**

5.    **Settlement Conference**.  Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of a settlement.  If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact United States Magistrate Judge Thynge to schedule a settlement conference with counsel and clients.

6.    **Case Dispositive Motions.**  All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and file on or before September 22, 2008.  Briefing will be presented pursuant to the court's Local Rules, unless the parties agree to an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

7.    **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

8.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

9.    **Pretrial Conference.**  On _____ ____, beginning at _____ __.m., the Court will hold a Pretrial Conference in Chambers with counsel.  Unless otherwise ordered by

9

the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial

disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial

Order can be located on this court's website at www.ded.uscourts.gov.  Thirty (30) days before

the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a

draft of the pretrial order containing the information plaintiff proposes to include in the draft.

Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's

draft as well as the information defendant proposes to include in the proposed pretrial order.

**Motions *in limine*:**  No party shall file more than five (5) motions *in limine*.  Briefs (**opening,**

**answering and reply**) on all motions *in limine* shall be filed by _____, _____.

Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed

three (3) pages.  The parties shall file with the court the **joint** proposed final pretrial order with

the information required by the form of Final Pretrial Order which can be located on this court's

website at www.ded.uscourts.gov on or before _____, _____.

     10.    **Trial.**  This matter is scheduled for a ___ day jury trial beginning at 9:00 a.m. on

_____, _____.

     11.    **Scheduling.**  The parties shall contact chambers, at (302) 573-6470, only in

situations where scheduling relief is sought, and only then when ALL participating counsel is on

the line for purposes of selecting a new date.


_____
UNITED STATES DISTRICT JUDGE